**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| QAMARUN N. AHMAD,<br><br>        Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>        Defendant.<br>_____/ | No. CIV S-03-1341-CMK<br><br><br><u>MEMORANDUM OPINION AND ORDER</u> |

    Plaintiff, who is proceeding with retained counsel and in forma pauperis, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  Pursuant to the consent of the parties, this case is before the undersigned for final decision on plaintiff's motion for summary judgment (Doc. 11) and defendant's cross-motion for summary judgment (Doc. 15).

/ / /

/ / /

/ / /

/ / /

## I. BACKGROUND

Plaintiff applied for supplemental security income ("SSI") on July 12, 2001, based on disability. In her application, plaintiff claims that her impairment began on March 27, 2000. In papers submitted as part of the claim process, plaintiff states that her impairment resulted from a work-related injury when she fell while lifting a 50-pound box. Plaintiff states that this accident caused pain in her low back and right knee. Plaintiff is a naturalized United States citizen born March 25, 1963, in Pakistan and has a high school education.

### A. Summary of the Evidence

Plaintiff was treated by William R. Turnipseed, M.D., and David B. Coward, M.D., following her March 27, 2000, work accident. Plaintiff was treated by Dr. Coward on June 8, 2000. In his report, Dr. Coward opined that plaintiff's ". . . subjective complaints far outweigh her objective findings." Dr. Coward further stated that plaintiff was not a candidate for surgery. Dr. Coward concluded by stating:

> In reviewing the medical record and evaluating the patient, it appears likely that her present knee disability is a result of her industrial injury. However, she also appears to have significant symptom magnification that is giving her tremendous disability in the face of a paucity of physical findings.

Dr. Coward recommended continued conservative care. In a report prepared in late June 2000, Dr. Turnipseed observed no swelling or erythema, no laxity, and no clicking of the knee joint. His final assessment was of minimal right knee strain and he cleared plaintiff to return to full work. Dr. Turnipseed agreed with Dr. Coward's assessment of symptom magnification.

Plaintiff was examined in connection with her SSI claim on September 9, 2001, by Steve McIntire, M.D. In his report, Dr. McIntire made the following general observation:

> The claimant is in no acute distress. The claimant does not experience guarding of the lower back when seated or when getting on and off the exam table. There are multiple embellished features to the examination and inconsistencies as described below.

///

Dr. McIntire's report goes on to say:

> Objectively, the exam was marked by considerable elaboration and inconsistencies . . . The claimant appeared to have slight crepitus in the knee and lateral joint line tenderness. There was mild tenderness on palpation over the lumbar region. There were not, however, radicular findings or findings to suggest a myelopathy. There was no gait instability. She did not exhibit guarding of the lower back when seated.

Plaintiff was also examined by Larry Magnussen, M.D., on January 31, 2002, at the request of her attorneys. In his March 3, 2002, report, Dr. Magnussen diagnosed a herniated disc at L5-S1, with lumbar nerve root irritation, and degenerative joint disease of the right knee. Dr. Magnussen also suggested the possibility of surgical procedures for both the lumbar back and right knee.

### B. Administrative Proceedings

Plaintiff's SSI claim was initially denied. Following denial of her request for reconsideration, plaintiff requested an administrative hearing, which was held on November 13, 2002, before Administrative Law Judge ("ALJ") Antonio Acevedo-Torres.

In his December 23, 2002, decision, the ALJ made the following findings:

1. The plaintiff has not engaged in substantial gainful activity since July 12, 2001;

2. The medical evidence establishes that the plaintiff has back and right lower extremity pain, but that she does not have an impairment or combination of impairments listed in or medically equal to one listed in 20 C.F.R., Part 404, Subpart P, Appendix 1;

3. The plaintiff's testimony is not substantially credible . . .;

4. The plaintiff has the residual functional capacity to perform the physical exertion requirements of work except for frequently lifting more than ten pounds, occasionally lifting more than 20 pounds; there are no non-exertional limitations;

5. The plaintiff is unable to perform her past relevant work experience as a machine operator;

6. The plaintiff has the residual functional capacity to perform light work;

7. The plaintiff is 39 years old, which is defined as a "younger age;"

8. The plaintiff possesses a high school education;

9. In view of the plaintiff's age and residual functional capacity, the issue of transferability of work skills is not material;

10. Considering the plaintiff's residual functional capacity, age, education, and work experience, she is not disabled; and

11. The plaintiff was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision.

Based on these findings, the ALJ concluded that plaintiff was not disabled and, therefore, not entitled to SSI benefits. After the Appeals Council declined review on April 23, 2003, this appeal followed.

Pursuant to the stipulation of the parties, the court remanded this matter to the Social Security Administration on October 15, 2003, for further proceedings. Specifically, the remand directed the Appeals Council to issue a notice regarding admission of additional evidence into the record and to provide an opportunity for a hearing. No additional hearing was requested and, on July 8, 2004, defendant files its answer after remand and lodged the complete certified administrative record.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." See Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's

decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In her motion for summary judgment, plaintiff argues that the ALJ improperly rejected the opinion of Dr. Magnussen.  No other issue is raised.[1]

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional.  See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given to the opinion of a non-examining professional.  See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an

---

[1] In particular, the court notes that plaintiff does not challenge the ALJ's finding as to her own credibility.

uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence.  See Lester, 81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  See id. at 831.  In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

      Because Dr. Magnussen is an examining professional, his opinion is appropriately given less weight than those of treating professionals.  See Lester, 81 F.3d at 830-31.  Moreover, because Dr. Magnussen's opinion is contradicted by those of treating and other examining professionals, the ALJ must provide specific and legitimate reasons, supported by substantial evidence in the record, for rejecting his opinion.  See id.  The ALJ's decision sets out five reasons for rejecting Dr. Magnussen's opinion:

    1.    Dr. Magnussen recommended surgery despite acknowledging that neurological testing was normal;

    2.    Radiological imaging studies did not support Dr. Magnussen's diagnosis of herniated disc at L5-S1;

|     |     |                                                                                                                                                     |
| --- | --- | --------------------------------------------------------------------------------------------------------------------------------------------------- |
|     | 3.  | Dr. Magnussen's reliance upon the plaintiff's subjective complaints are specious considering evidence in the record of malingering;                 |
|     | 4.  | Dr. Magnussen's findings are not consistent with plaintiff's conservative history of medical care and pain management; and                          |
|     | 5.  | Dr. Magnussen was a one-time examiner and not a treating physician.                                                                                 |

Addressing the last reason first, because Dr. Magnussen was an examining professional, the ALJ did not err in giving his opinion less weight than that of a treating physician. See Lester, 81 F.3d at 830-31.

As to Dr. Magnussen's reliance on plaintiff's subjective complaints, the court concludes that this was not improper in light of the ALJ's credibility finding as to plaintiff's pain complaints and plaintiff's failure to challenge that finding in this case. In short, plaintiff's lack of credibility as to her complaints is not disputed and, therefore, the ALJ properly rejected Dr. Magnussen's opinion to the extent it relied on plaintiff's subjective complaints.

As to the ALJ's remaining reasons for rejecting Dr. Magnussen's opinion, it is clear that his opinion is contradicted sharply by Drs. Coward and Turnipseed, both of whom were treating physicians, and Dr. McIntire, an examining physician. For example, and as set forth in the ALJ's decision, Dr. Magnussen was the first to suggest surgery when all other medical professionals recommended only conservative treatment. Moreover, because the ALJ set out a detailed and thorough summary of the facts and conflicting clinical evidence and stated his interpretation of the evidence, the court concludes that "specific and legitimate" reasons were stated. Therefore, the ALJ did not err in rejecting Dr. Magnussen's opinion and, instead, relying on those of treating and other examining professionals.

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;
2. Defendant's cross-motion for summary judgment is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED:   September 29, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE